<div align="center">JOHN YOUNG et al. *v.* J. W. HAYS, Recorder, et al.</div>

When property is sold under execution, the adjudication is made without reference to the amount of legal and judicial mortgages to which the property may be subject.

A forced sale of property, made under execution of a judgment, secured by a judicial mortgage, does not discharge concurrent judicial mortgages.

APPEAL from the District Court of the Parish of Claiborne, *Egan,* J. *J. Young,* for plaintiffs and appellants.    *McGuire & Ray,* for defendants.

VOORHIES, J.    The question involved in this case is, whether a forced sale,

made under a judgment, secured by judicial mortgage, has the effect to discharge concurrent judicial mortgages. The issue is presented by the purchasers; they contend that they are entitled to the cancellation of the judicial mortgage of *J. S. Sims*, whose judgment was registered on the same day as that of the seizing creditor; and that *J. S. Sims'* only recourse hereafter is on the proceeds in the Sheriff's hands.

The Code of Practice, Art. 708, reads : " The purchaser is bound for nothing beyond the price of his adjudication; and, if after paying the suing creditor, as directed in the preceding Article, there remains nothing more due to discharge the mortgages *subsequent* to that of the suing creditor, the Sheriff shall give him a release from these mortgages." Thus it appears, that the express provisions of the Code militate against the plaintiffs' pretensions : the text speaks of *subsequent* mortgages.

The plaintiffs, however, contend that, although their case does not come within the literal terms of the Article, yet it falls within the spirit of the law. We think differently. When property is sold on execution, the adjudication is made without reference to the amount of legal or judicial mortgages, to which the property may be subject : the provisions of Article 708, with regard to *subsequent* mortgages form an exception. All other judicial or legal mortgages remain unimpaired. " The creditor with such a mortgage may, if he chooses, look to the proceeds of the sale in such a case, and enjoin the Sheriff from paying them over ; but it by no means follows, that his rights cannot be exercised by pursuing the property itself." *Judice* v. *Ker*, 8 An. 464. The plaintiffs' counsel does not pretend, however, that antecedent mortgages are affected; but he makes a distinction between such and concurrent mortgages,—a distinction which seems never to have been recognized in our jurisprudence, and which is certainly not in harmony with our system of laws upon this subject. *Scott* v. *Featherston*, 5 An. 313.

Why should the separate action of one judicial mortgage creditor prejudice the right of recourse of another creditor, whose debt is secured by mortgage of equal dignity? Why should the latter be compelled to claim the proceeds of the Sheriff's sale, any more than the creditor who has an antecedent mortgage? Creditors whose rights are secured by concurrent mortgages stand upon the same footing towards each other; and the rights of the one are not to be controlled by those of the other. The adjudication is made with reference to this. The Code provides that, " when there exists a mortgage or privilege on the property put up for sale, the Sheriff shall give notice, before he commences the crying, that the property is sold subject to *all hypothecations* and privilege, of whatsoever kind they may be, with which the same is burdened." C. C. 679 ; C. P. 679.

As there is a special provision for subsequent hypothecations, and none made for those bearing the same date, the latter must be governed by the general rule.

Judgment affirmed.